# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **CRIMINAL NO. 1:18-430** |
| v. | : | **(JUDGE MANNION)** |
| **SALLY A. BERRY,** | : | |
| Defendant | : | |

## MEMORANDUM

### I. Background

On April 20, 2020, defendant Sally A. Berry, an inmate serving her 38-month aggregate federal sentence imposed by this court at the Federal Prison Camp in Alderson, West Virginia, ("AFPC"), filed a letter Motion for Immediate Release to Home Confinement pursuant to the First Step Act and seemingly pursuant to the Coronavirus Aid, Relief, and Economic Security Act, ("CARES Act"), §12003(b)(2), based on COVID-19.[1] (Doc. 36). The

---

[1] On October 2, 2019, the court imposed a 32-month prison sentence on Berry after she pled guilty to wire fraud, in violation of 18 U.S.C. §1343, and ordered that "this term shall run consecutive to the supervised release revocation sentences imposed in Middle District of Pennsylvania cases 1:CR-12-254 and 1:CR-17-375." (Doc. 27). The court then committed Berry to the custody of the BOP and recommended that she serve her sentence at AFPC.

motion could also be construed as one for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A).[2] Berry does not allege that there are presently any cases of the COVID-19 virus at AFPC, but she nonetheless requests the court to immediately release her to home confinement "[b]ecause of the COVID-19, [her] age [63], and family heart problems." Nor does Berry allege that she has a heart problem or any other medical condition which may render her more susceptible to complications if she contracts the virus. Berry states that AFPC is an "open bay setting" and that if the virus presents at the camp "[i]t will spread like wildfire." Berry also states that she has served 17 months in prison and that she is eligible for home confinement under the FSA on December 29, 2020. As such, Berry requests the court to immediately order her released from AFPC to home confinement to serve the remainder of her sentence as a "preventive measure to keep [her] safe" from COVID-19.

For the reasons set forth below, the court will construe Berry's letter motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241,

---

[2]Since Berry is proceeding *pro se*, the court liberally construes her letter motion as also seeking relief pursuant to the CARES Act as well as a motion compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A).

- 2 -

and it will transfer her case to the Southern District of West Virginia, where jurisdiction properly arises.[3]

Additionally, insofar as Berry intended her motion to be one for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), the court will dismiss the motion without prejudice for lack of jurisdiction.

## II. Discussion

No doubt that a habeas petition under §2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement", Presser v. Rodriguez, 411 U.S. 475, 494 (1973), or the "execution" of her confinement. Woodall v. Fed. BOP, 432 F.3d 235, 241-42 (3d Cir. 2005). Further, the court must look to the remedy requested by the inmate to determine if she is seeking relief available in a habeas petition. "When a petitioner seeks immediate release from custody, the 'sole federal remedy' lies in habeas corpus." Camacho Lopez v. Lowe, 2020 WL 1689874, *8 (M.D.Pa. April 7, 2020) (citing Presser, 411 U.S. at 500).

---

[3]Even though the government has not yet responded to Berry's motion, the court will transfer her case to the Southern District of West Virginia to the extent it is a 2241 habeas petition since jurisdiction over the petition is lacking in this district. Also, insofar as Berry's motion is one for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), the court can act *sua sponte* to dismiss it based on lack of jurisdiction.

- 3 -

In Camacho Lopez, the petitioner was an ICE detainee subject to a final removal order whose removal was set for March 30, 2020, but delayed due to his COVID-19 diagnosis. The petitioner filed a §2241 habeas petition seeking immediate release from confinement based on "the threat posed by the COVID-19 viral pandemic." The respondent argued that Camacho Lopez's petition should be construed as a civil rights action under 42 U.S.C. §1983. The court found that "the extraordinary conditions of confinement" "where the petitioner tested positive for and had been hospitalized by a potentially deadly pandemic virus and claims that officials cannot properly treat him---constitute the extreme case in which habeas relief might be available." *Id.* at 13. The court then concluded that based on the case's unique circumstances, "both the claim brought and the remedy sought are cognizable in habeas corpus." *Id.* The court found, however, that Camacho Lopez's continued detention in prison was proper and dismissed his habeas petition. *See also* Verma v. Doll, Civil No. 4:20-14, (M.D.Pa. April 9, 2020) (court found petitioner, an ICE detainee, "plainly seeks a habeas remedy" where he requested immediate release from custody based on alleged "constitutionally deficient conditions of confinement that threaten his life and health" in light of the COVID-19 pandemic); Saillant v. Hoover, 2020 WL 1891854, *3 (M.D.Pa. April 16, 2020) (the court agreed with the conclusions

of the courts in <u>Verma</u> and <u>Camacho Lopez</u> "finding that a claim based on the COVID-19 pandemic [ ] is exactly the sort of 'extreme case' contemplated in [<u>Ali v. Gibson</u>, 572 F.2d 971 (3d Cir. 1978)]" "in which a petitioner may challenge the conditions of his confinement through a petition for writ of habeas corpus.").

In the present case, as in <u>Camacho Lopez</u>, although Berry is not an ICE detainee awaiting her removal, she similarly seeks immediate release from BOP custody at AFPC since she believes her health is in imminent risk at the prison if the COVID-19 virus presents at the prison, which "is unequivocally a habeas remedy." *Id.* (citation omitted). As the court in <u>Camacho Lopez</u> explained, *id.* at 11 the term "execution" of a petitioner's sentence is broadly defined by the Third Circuit "to include such matters as administration of parole, sentence computation, prison disciplinary proceedings, prison transfers, and even 'conditions' generally." (citing <u>Woodall</u>, 432 F.3d at 241-44).

In her motion, Berry clearly seeks relief that affects the execution of her 38-month aggregate prison sentence since she requests the court alter its terms which ordered her into BOP custody to serve her sentence and to immediately release her to home confinement. Berry does not challenge the

- 5 -

conditions of her confinement at AFPC and thus her motion is not a §1983 civil rights action.

As noted, the court also construes Berry as claiming that due to the threat that she may contract the COVID-19 virus at AFPC she qualifies to be immediately released to home confinement based on the CARES Act and pursuant to the FSA, 18 U.S.C. §3582(c)(1)(A). "As amended by the First Step Act, 18 U.S.C. §3582(c)(1)(A) authorizes courts to modify a criminal defendant's sentence for 'extraordinary and compelling reasons' 'upon motion of the Director of the Bureau of Prisons' or 'upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" United States v. Feiling, 2020 WL 1821457, *4 (E.D.Va. April 10, 2020). Thus, to the extent that Berry's motion is construed as seeking compassionate release, it would be dismissed for lack of jurisdiction since Berry has not exhausted her administrative remedies under §3582(c)(1)(A), "which requires that a defendant seeking compassionate release present [her] application to the BOP and then either (1) administratively appeal an adverse result if the BOP does not agree that [her] sentence should be modified, or (2) wait for 30 days

to pass." United States v. Zukerman, 2020 WL 1659880, *2 (S.D.N.Y. April 3, 2020). *See also* United States v. Raia, 954 F.3d 594 (3d Cir. April 2, 2020).

Secondly, Serfass has not demonstrated that "extraordinary and compelling reasons" warrant a reduction of her sentence since she does not state that she has any recognized medical condition putting her at a higher risk if she contracts COVID-19, i.e., she has not alleged that she is at risk of experiencing serious complications from COVID-19 due to any medical conditions, and since she does not allege that there are any cases of the virus currently at AFPC. *See* Zukerman, 2020 WL 1659880, *2 ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [Berry] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of [her] sentence."); Raia, 954 F.3d 594 ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP.) (citing 18 U.S.C §3582(c)(1)(A)(i)). The Third Circuit in Raia, *id.*, also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

Further, Berry does not allege any "catastrophic health consequences" to make exhaustion futile or show that she could be unduly prejudiced if she

- 7 -

had to wait to exhaust her administrative remedies with the BOP. *See* Zukerman, 2020 WL 1659880, *3. Rather, she merely speculates that she may be exposed to COVID-19 and that it will spread like "wildfire" if someone at AFPC contracts the virus in the future.

As the Third Circuit in Raia, 954 F.3d 594, explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citation omitted). *See also* Feiling, 2020 WL 1821457, *5 ("the Court agree[d] with the Third Circuit [in Raia] and the district courts cited [in its decision] and will join them in holding that the mere existence of COVID-19 among the prison population and an inmate's susceptibility to it do not justify waiver of the administrative exhaustion requirement under §3582(c)(1)(A).") (string citations omitted of several cases finding that since defendant failed to exhaust his administrative remedies with BOP, the Court does not possess authority to grant relief under §3582(c)(1)(A)(i), even if based on COVID-19, and that §3582(c)(1)(A) provided no authority to waive the exhaustion requirement).

Moreover, the Third Circuit in Raia, 954 F.3d 594, stated, "[g]iven BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with §3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *See also* Feiling, 2020 WL 1821457, *7 ("Because Defendant has failed to exhaust administrative remedies under §3582(c)(1)(A), the Court lacks authority to grant a sentence modification under that provision.").

Additionally, insofar as Berry is construed as relying on the CARES Act, which was signed into law on March 27, 2020, as the basis for her release to home confinement, such reliance is misplaced. Berry states that she "will be required to serve 66 2/3% of [her] sentence" to qualify for home confinement under the FSA.

As the court in United States v. Sawicz, 2020 WL 1815851, *1 (E.D.N.Y. April 10, 2020), recently explained:

> [The] CARES Act expanded the maximum amount of time that a prisoner may spend in home confinement: "if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement ...." CARES Act §12003(b), Pub. L. No. 116-136, 134 Stat. 281 (2020). Attorney General William Barr made the requisite "finding that emergency conditions are materially affecting the functioning of the Bureau of Prisons" on April 3, 2020, thereby triggering the BOP's authority to expand the amount of time that a prisoner may spend in home confinement.

The determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director. *See* United States v. Doshi, 2020 WL 1527186, *1 (E.D.Mi. March 31, 2020) (The CARES Act "temporarily permits the Attorney General to 'lengthen the maximum amount of time for which [it] is authorized to place a prisoner in home confinement' under §3624(c)(2)", and "the authority to make this determination is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons."). In fact, the CARES Act "does not mandate home confinement for any class of inmate." Valenta v. Ortiz, 2020 WL 1814825, *1 (D.N.J. April 9, 2020).

While the BOP has the authority to make this determination, *sua sponte,* under the CARES Act, Feiling, 2020 WL 1821457, *6, Berry does not indicate that she has requested a transfer to home confinement to the warden at AFPC pursuant to the CARES Act. Nor does she indicate that she is a vulnerable inmate who the BOP Director should consider for home confinement under the Act. Thus, Berry does not claim to be part of the "cohort of inmates who can be considered for home release" under the CARES Act which includes "all at-risk inmates" at facilities "where [the BOP] determine[s] that COVID-19 is materially affecting operations." *Id.* (citing Mem. from Att'y Gen. to Dir., BOP (Apr. 3, 2020)).

In short, the court agrees with my colleagues in this district who, to date, have unanimously concluded that emergency petitions for release, based on COVID19 are properly construed pursuant to 28 U.S.C. §2241. (In addition to Camacho Lopez and Verma, *see also* Brown v. U.S. Dept of Homeland Security, 3:20-cv-119; Umarbaev v. Warden, 1:20-cv-413; Saillant, supra; and Thakker v. Doll, 1:20-cv-480.) I agree with my colleague's well reasoned analysis and join in their conclusion that 28 U.S.C §2241 is the proper vehicle to proceed. Therefore, the court finds that Berry's motion should be construed as a §2241 habeas petition since she seeks relief affecting how her sentence is executed, i.e., serving her sentence in home confinement as opposed to confinement in prison to which she was sentenced, and not a reduction or release from her sentence (i.e. a compassionate release). *See* United States v. Serfass, 2020 WL 1874126 (M.D.Pa. April 15, 2020).

A petitioner may seek §2241 relief only in the district in which she is in custody. United States v. Figueroa, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has no jurisdiction over Berry's habeas claims as she is not detained within this district at the time of the filing of her motion. As such, Berry must file her §2241 habeas petition in the U.S. District Court for the Southern District of West Virginia since she is confined in prison in that

- 11 -

district. Pursuant to 28 U.S.C. §2243, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. These provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). Thus, for purposes of a habeas action, the petitioner's custodian is the warden of the institution holding the petitioner. Id. at 442. In the instant case, the only appropriate respondent is the Warden at AFPC, where Berry is currently confined.

In light of the foregoing, the court will direct the clerk of court to docket Berry's Doc. 36 letter motion as an emergency §2241 habeas petition and to assign it a separate civil number. The court will then direct the clerk of court to transfer Berry's habeas petition to the U.S. District Court for the Southern District of West Virginia.

### III. Conclusion

Berry's letter Motion for Immediate Release to Home Confinement, **(Doc. 36)**, is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and the clerk of court will be directed to docket Berry's Doc. 36 motion as an emergency §2241 habeas petition and to assign it a civil

- 12 -

number. The clerk of court will then be directed to transfer Berry's §2241 habeas petition to the U.S. District Court for the Southern District of West Virginia District as the proper jurisdictional court.

                                      *s/ Malachy E. Mannion*
                                    **MALACHY E. MANNION**
                                    **United States District Judge**

**Dated: April 27, 2020**
18-430-01